Labaetve, J.
This suit is brought to recover $1,755 50, abalance of the price of 250 sacks of salt, alleged to have been bought from plaintiff by defendant through B .■ E. Smith, about 26th May, 1862, at the rate of $8 per sack.
The only defence in this Court, and none other has been urged by the defendant, is, that the contract of sale was for an unlawful purpose, which was participated in by the plaintiff, and that for its enforcement the plaintiff cannot invoke the aid of the Courts; and upon this the defendant rests his ease as established upon the merits.
The case turns entirely on a question of fact, which is this: Is it clearly proved and shown that the plaintiff knew that this salt was going into the Confederacy, as called by the witness ?
B. E. Smith, who bought the salt for the defendant, states :
“When he says he told Mr. Eee, that he was taking this salt over the lake, he cannot tell whether he said “Confederacy,” or “ over the lake;” but the usual expression then, was “over the lake”. What was meant by “over the lake?” Did this expression mean Confederacy, or any other place out of the Confederacy ? We know that the lake communicates with the gulf, which was in possession of the United States. We must give the plaintiff the benefit of the doubt, and presume that he did not intend to violate the laws of his country, unless a clear case be made out against him. So far as shown by the evidence, he is presumed to be innocent. It is not so with the defendant, who, through his able and *264 learned counsel, has boldly urged and proved bis own turpitude, and attempted to bring in the plaintiff as participating in bis violation of the law, in-order to avoid the payment of a just debt, and to enrich himself at the expense of the plaintiff.
We are of opinion that the plaintiff has made out his casé, and that the defendant has failed to establish his defence, by showing that plaintiff was particeps criminis in the illegality of the transaction. The, District Court decided correctly in favor of plaintiff.
The judgment of the District Court is affirmed, with costs,